### John Conners v. City of Springfield.

1. GAMBLING—*when ordinance prohibiting, includes slot machines.* An ordinance making gambling a misdemeanor includes slot machines, by the use of the words, "or other instrument or device commonly used for the purpose of gaming."

Action in debt. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

JOHN G. FRIEDMEYER, for plaintiff in error.

ROY M. SEELEY, for appellee; JOHN M. PFEIFER, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt by the City of Springfield

against John Conners, for the recovery of a penalty for the violation of section 651 of the ordinances of said city. · Upon a trial by jury, judgment was rendered against the defendant for $133.33, whereupon he sued out this writ of error. The declaration after alleging the adoption of the ordinance in question by the city council on the 27th day of January, 1902, charges that on the 18th and 24th days of September, 1903, the defendant, contrary to the provisions of the same, did keep and use and permit to be used, in a certain building known as 424 E. Jefferson street, Springfield, Ill., a "certain instrument or device commonly used for the purpose of gaming, to wit, a certain slot machine, upon the result of the action of which, money is staked, bet, hazarded, won and lost, and into which money is paid or played upon chance." The ordinance which is alleged to have been violated reads as follows:

"651. GAMBLING HOUSE OR ROOMS: Whoever shall within the city of Springfield set up, keep, maintain or support any gambling house or rooms, or place used for the practice of gaming, or playing for money or property, or shall knowingly permit any building or premises owned or controlled by him to be used for any such purpose; or whoever shall keep, or use, or permit to be used, in any building or place occupied, controlled or owned by such person, any keno, or faro table, wheel of fortune, roulette, shuffle board, cards or other instrument or device commonly used for the purpose of gaming, shall, upon conviction, be fined not less than twenty-five dollars nor more than two hundred dollars for each offense."

No evidence was offered by the defendant upon the trial.

It is urged that the court erred in refusing upon motion interposed by the defendant at the close of the evidence to exclude the same, and direct a verdict for the defendant; and, further, that the verdict is contrary to the evidence.

The court properly overruled the motion in question. There is ample evidence in the record to sustain, *prima facie,* each of the averments of the declaration. Among other witnesses called by the plaintiff was one Hart who testified in substance that he knew the defendant; that on or about the 24th day of September, 1903, he, witness, was in the building known as 424 E. Jefferson street in said city and saw there two machines or devices, the construction of which he described with sufficient detail and certainty to satisfy any one who had ever seen a device of that character that they were what are known as "slot machines." He further testified that he saw the defendant upon the premises on more than one occasion; at one time standing behind the bar. One Fitzgerald testified, among other things, that he was in the building in question, which was occupied as a saloon, sometime in September, 1903; that he saw a sign in the window which had the word "Conners" thereon. In their testimony these witnesses, who were apparently for some reason somewhat unwilling, frequently used the expressions "they thought they saw" or "remembered" certain matters and things. Counsel for plaintiff in error contends that testimony of this character is incompetent and should have been stricken from the record and disregarded by the jury. We think that when the connection in which the expressions were used is considered, it may be fairly and reasonably assumed that they indicated merely that the statements following them were based upon the recollection of the witness; not that they were conjectural in their nature or mere expressions of opinion. Furthermore, if the answers complained of be wholly disregarded, there still remains sufficient competent evidence in the record to warrant the verdict.

It is further urged that the court erred in its rulings upon the evidence in other particulars. It will suffice to say in view of the evidence that such errors, which

we shall not discuss in detail, could not have affected the verdict.

It is finally insisted that an ordinance by reason of its re-enactment by revision, can include no more, and have no other force and effect than is warranted by its terms and language, or than it could have had, at the time of its original adoption; that as slot machines were not invented nor in existence in 1884, the date of the passage of the original ordinance of the city of Springfield in relation to gambling, and consequently had not been declared by law to be gambling devices, and as the city council in its re-enactments of the ordinance in identical terms, in 1892 and 1902, failed to amend the same so as to specifically include slot machines or devices of a similar character, no penalty can be recovered under the present ordinance for keeping the same. The record does not disclose that there were prior ordinances to that in question in force in said city, nor the terms and provisions of the same if any did exist. Counsel also argues that under the general rule for the construction of statutes and ordinances, which is that if general words follow an enumeration of particular cases, such general words apply only to cases of the same kind as those expressly mentioned, slot machines cannot be held to be included in the words "or other instrument or device" appearing in the ordinance; that such words refer only to instruments of the same kind specifically enumerated in said ordinance.

We are of opinion that the words "or other instrument or device commonly used for the purpose of gaming," as used in the ordinance, include "slot machines." That such instruments or devices are commonly used for the purpose of gaming is clear. The rule invoked by counsel is not applicable. The instruments or devices specifically mentioned in the ordinance, i. e., keno tables, faro tables, wheels of fortune, etc., are dissimilar in themselves and in the manner of their use. They are not things of the same kind

and have nothing in common, either in themselves or in their use, except that each is used in playing games, and money and other things of value may be wagered upon the result of such games. Swigart v. People, 154 Ill. 284.

We find no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*